# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

MELISSA WILLIAMS, )
)
    Plaintiff, )
)
v. ) CIVIL ACTION **CV405-020**
)
HAMPTON ISLAND )
PRESERVATION, LLC )
and ZACHARY ZOUL, )
)
    Defendants. )

## ANSWER

Now comes Zachary Zoul and files his answer to the complaint of Plaintiff, Melissa Williams.

### FIRST DEFENSE

Zoul replies to the numbered paragraphs of the complaint.

1. Zoul admits upon information and belief the allegations of paragraph 1 of the complaint.

2. Zoul admits upon information and belief the allegations of paragraph 2 of the complaint.

3. Zoul admits that he is a non-resident of Georgia and that this case is properly heard in the United States District Court, Southern District of Georgia. To the extent inconsistent with the foregoing, Zoul denies the allegations of paragraph 3 of the complaint.

4. Zoul admits the allegations of paragraph 4 of the complaint, except Williams' duties assisting guests were limited in fact because the development had few guests to assist.

571018-1

5. Zoul admits that Williams' employment with Hampton Island was for a limited period of time, approximately four weeks, but Zoul is without knowledge or information sufficient to form a belief as to the exact number of weeks Williams worked for Hampton Island. Zoul admits that all employees frequently worked through lunch because of work demands, schedules, and limited nearby options for lunch. Zoul otherwise denies the allegations of paragraph 5 of the complaint.

6. Zoul admits that he telephoned Williams several times a day on occasion for work-related reasons, but he otherwise denies the allegations of paragraph 6 of the complaint.

7. Zoul denies that he made any sexual advances or harassed Williams. Zoul admits that he and Williams had a cordial working relationship. To the extent inconsistent with the foregoing, Zoul denies the remaining allegations of paragraph 7 of the complaint.

8. Zoul admits that he and Williams were alone for a brief period of time on the evening of May 17, 2004, in Hampton's Savannah office at William's request. Zoul otherwise denies the allegations of paragraph 8 of the complaint.

9. Zoul admits that he telephoned Plaintiff more than once on the night of May 17 and the following morning before 7:00 a.m., Williams' usual departure time for her commute to Hampton Island. Zoul is without knowledge or information sufficient to form a belief as to when he called Williams on the evening of May 17, and he denies calling her as many as twenty times the following morning. Further answering, Zoul telephoned Williams because he was concerned about her safety.

10. Zoul admits upon information and belief that Williams telephoned Bill Cole, one of Hampton's owners, the morning of May 18. Zoul is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of paragraph 10 of the complaint.

11. Zoul denies that Shealy's letter of May 20, 2004, was false, but otherwise admits upon information and belief the allegations in paragraph 11 of the complaint.

12. Zoul denies the allegations of paragraph 12 of the complaint.

13. Zoul denies the allegations of paragraph 13 of the complaint.

14. Zoul admits that he attempted to give Williams positive verbal reinforcement when tasks were well done, but he otherwise denies the allegations of paragraph 14 of the complaint.

15. Zoul is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the complaint.

16. Zoul admits upon information and belief that Williams filed an EEOC charge on October 28, 2004, within 180 days of her separation of employment. Upon information and belief, Zoul also admits that the EEOC issued a right to sue notice of October 28, 2004, less than 90 days before Williams filed her complaint. Zoul otherwise denies the allegations of paragraph 16 of the complaint.

17. Zoul denies the allegations of paragraph 17 of the complaint.

18. No one was subjected to harassment because of gender or sex, and Zoul denies the allegations of paragraph 18 of the complaint.

19. Zoul denies the allegations of paragraphs 19 through 28 of the complaint.

20. Zoul denies that Williams is entitled to any damages or other relief whatsoever.

21. Zoul denies any allegation of the complaint not specifically admitted.

## SECOND DEFENSE

The complaint should be dismissed to the extent that it fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

The complaint should be dismissed to the extent that it is barred by the applicable limitations periods.

## FOURTH DEFENSE

The complaint should be dismissed to the extent that any claim that has not been timely submitted to, nor properly considered by, the EEOC is barred.

## FIFTH DEFENSE

The complaint should be dismissed because defendants at all times complied with applicable laws, and acted reasonably and in good faith, and because of legitimate non-discriminatory, non-retaliatory reasons.

## SIXTH DEFENSE

The complaint should be dismissed because any alleged acts directed toward Williams were not unwelcome, pervasive, or likely to impact adversely the reasonable person's work environment.

## SEVENTH DEFENSE

The complaint should be dismissed because Williams' compensation, or any other tangible terms, conditions or privileges of her employment, were not altered.

## EIGHTH DEFENSE

The complaint should be dismissed because Williams was an employee at will who voluntarily resigned.

## NINTH DEFENSE

The complaint should be dismissed because Williams has failed to comply with her duty to mitigate her alleged damages, if any, her entitlement to which is expressly denied.

## TENTH DEFENSE

The request for punitive damages should be dismissed because defendants did not act with malice or reckless indifference to Williams' rights.

## ELEVENTH DEFENSE

The complaint should be dismissed because no causal relationship exists between the alleged acts of defendants and the alleged damages of Williams.

## TWELFTH DEFENSE

The complaint should be dismissed to the extent that Williams seeks recovery for any claimed injury the exclusive remedy for which lies under the workers' compensation laws of Georgia.

## THIRTEENTH DEFENSE

The complaint should be dismissed to the extent that Williams seeks equitable remedies but comes to the Court with unclean hands and is otherwise barred by concepts of fairness and equity.

## FOURTEENTH DEFENSE

The complaint should be dismissed because Williams seeks to abridge the constitutional rights of the defendants.

Wherefore, having fully answered the complaint, Zoul prays:

(a) That judgment be entered in favor of Zoul, against Williams, and that the complaint be dismissed with prejudice;

(b) That all attorneys' fees and costs be borne by Williams; and

(c) For such other relief at law or in equity that the Court deems just and appropriate.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

_____
Wade W. Herring, II
Georgia Bar No. 349343

P. O. Box 9848
Savannah, GA 31412-0048
Phone: (912) 236-0261
Fax: (912) 236-4936

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the **Answer** upon all parties to this matter by causing to be deposited a true copy of same in the U.S. Mail, proper first-class postage affixed, addressed to the following:

>Alan S. Lowe
>Buschbaum & Lowe, LLP
>311 W. Broughton Street
>Savannah, GA  31401
>
>William Johnson
>Moore, Ingram, Johnson & Steele
>192 Anderson Street
>Marietta, GA 30060

This 9th day of February, 2005.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

By: _____
Wade W. Herring, II